# NO. 12-11-00237-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *GARY MAURICE WELLS,*<br>*APPELLANT* | § | *APPEAL FROM THE 2ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *CHEROKEE COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

This appeal is being dismissed for want of jurisdiction. Appellant was convicted of burglary of a habitation after pleading guilty.

As pertinent here, Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when notice of appeal is filed within thirty days after the day the trial court imposes sentence in open court. TEX. R. APP. P. 26.2(a)(1). The trial court imposed sentence in open court on June 14, 2011. Therefore, Appellant's notice of appeal was due to have been filed on or before July 14, 2011. However, Appellant did not file his notice of appeal until August 4, 2011, and did not file a motion for extension of time to file his notice of appeal as permitted by Texas Rule of Appellate Procedure 26.3. *See* TEX. R. APP. P. 26.3 (appellate court may extend time for filing notice of appeal if, within fifteen days after deadline for filing notice of appeal, appellant files notice of appeal in trial court and motion complying with Texas Rule of Appellate Procedure 10.5(b) in appellate court).

On August 10, 2011, this court notified Appellant that his notice of appeal was untimely and that there was no timely motion for an extension of time to file the notice of appeal as permitted by Rule 26.3. Appellant was further informed that the appeal would be dismissed

unless, on or before August 22, 2011, the information filed in this appeal was amended to show the jurisdiction of this court. The August 22 deadline has passed, and Appellant has neither shown the jurisdiction of this court nor otherwise responded to its August 10, 2011 notice.

Because this court has no authority to allow the late filing of a notice of appeal except as provided by Rule 26.3, the appeal must be dismissed. *See **Slaton v. State***, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); ***Olivo v. State***, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Accordingly, the appeal is ***dismissed for want of jurisdiction***.

Opinion delivered August 24, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)